**HERNANDEZ et al. v. UNITED STATES.**

(Circuit Court of Appeals, First Circuit. November 4, 1926.)

No. 1901.

**1. Customs duties ⬤125.**

For offense declared by Tariff Act 1922, § 593(b), being Comp. St. § 5841h13, of receiving, transporting, or concealing merchandise, knowing it had been unlawfully imported, it need not be merchandise which should have been invoiced.

**2. Criminal law ⬤1213.**

Fine of $200 for violating Tariff Act 1922, § 593(b), being Comp. St. § 5841h13, authorizing $5,000 fine, or two years' imprisonment, or both, is not open to complaint of being cruel or unusual punishment.

In Error to the District Court of the United States for the District of Porto Rico.

Francisco Hernandez and others were convicted of a violation of the Tariff Act, and they bring error. Affirmed.

Hugh R. Francis and B. F. Sanchez, both of San Juan, Porto Rico, for plaintiffs in error.

George R. Farnum, Asst. U. S. Atty., of Boston, Mass. (John L. Gay, U. S. Atty., and Jesus A. Gonzalez, Asst. U. S. Atty., both of San Juan, Porto Rico, on the brief), for the United States.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

BINGHAM, Circuit Judge. This is an indictment under the Tariff Act of 1922. In count 1 it is charged that the defendants did "willfully, knowingly, unlawfully, feloniously, clandestinely, and with criminal intent to defraud the United States of revenue, receive" certain merchandise (describing it), the same "being made or printed in a country foreign to the United States, same having a value of approximately $84, knowing the said merchandise to have been imported into the is-

land of Porto Rico, contrary to law, without having been examined by a duly authorized officer of the treasury department of the United States and without payment of duty thereon, as required by law," etc.

The second count charged the unlawful transportation of the merchandise "without having been examined by a duly authorized officer of the Treasury Department of the United States and without payment of duty thereon, as required by law."

The third count charged unlawful concealment of the same property "without having been examined by a duly authorized officer of the Treasury Department of the United States and without payment of duty thereon as required by law."

Each of the three defendants was found guilty. The jury, however, recommended the clemency of the court. Each of the defendants was sentenced to pay a fine of $200 and one-third of the costs.

[1] Before sentence was entered, the defendants filed a motion in arrest of judgment on the ground that the several counts did not aver facts sufficient to constitute a violation of section 593 of the act of Congress approved September 21, 1922 (Comp. St. §§ 5841h12, 5841h13), in that they failed "to charge that the merchandise therein described, to wit, the 21 packages containing decks of Spanish playing cards, was merchandise which 'should be invoiced.'" In their assignments of error the defendants complain that the court erred in denying their motion in arrest of judgment and in disregarding the request for clemency.

The brief of the defendants proceeds on the idea that the counts are based on section 593 (a) of the Tariff Act of 1922 (Comp. St. § 5841h12), and that they should have charged that the merchandise should have been invoiced.

We do not find it necessary to consider whether, if the indictment had been brought under section 593(a), the various counts should have contained such a charge, for they are not based on 593 (a), but on 593 (b), being Comp. St. § 5841h13, which latter paragraph plainly does not impose such requirement.

[2] The question sought to be raised by the second assignment of error, if open to the defendants, which would seem doubtful, is without merit. Section 593 (b) provides:

"If any person fraudulently or knowingly imports or brings into the United States, or assists in so doing, any merchandise, contrary to law, or receives, conceals, buys, sells, or in any manner facilitates the transporta-

tion, concealment or sale of such merchandise after importation, knowing the same to have been imported or brought into the United States contrary to law, such merchandise shall be forfeited and the offender shall be fined in any sum not exceeding $5,000 nor less than $50, or be imprisoned for any time not exceeding two years, or both. Whenever, on trial for a violation of this section, the defendant is shown to have or to have had possession of such goods, such possession shall be deemed evidence sufficient to authorize conviction, unless the defendant shall explain the possession to the satisfaction of the jury."

Under this section of the statute each offender was subject to a fine of $5,000 or imprisonment not exceeding two years, or both such fine and imprisonment. Under the circumstances they could not complain that a fine of $200 imposed on each of them was a cruel and unusual punishment.

The judgment of the District Court is affirmed.